UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENTERPRISES INTERNATIONAL, INC., et al.,

        Plaintiffs,

    v.

INTERNATIONAL KNIFE & SAW, INC.,

        Defendant.

CASE NO. C12-5638 BHS

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

    This matter comes before the Court on Plaintiffs' motion to compel the production of documents (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

    On June 17, 2013, Plaintiffs filed the instant motion to compel production of documents related to certain Lamb drawings, allegedly propriety drawings, which Defendant allegedly used, distributed and/or reproduced without Plaintiffs' permission. Dkt. 35. The issues are at the core of this lawsuit. At the time Plaintiffs made this

ORDER - 1

motion, they had propounded two sets of discovery. *Id*. at 4-6.  Plaintiffs argue that Defendant has not fully complied with their requests and summarize them as follows:

> Plaintiffs' first set of discovery requests directly targets documents showing IKS's use of the Lamb drawings, including:
> - All documents related to sales and marketing of products fabricated from the Lamb design drawings (Declaration of C. James Frush, filed herewith, Ex. 1, Request 3)
> - All drawings created by IKS using the Lamb design drawings (*Id*. at Request 4);
>
> Plaintiffs' second set of discovery requests asked for the documents that will allow Plaintiffs to analyze for themselves whether IKS has used Lamb design drawings to create its own drawings and then used those drawings to create and sell knives. Plaintiffs requested:
> - A catalogue or list of "Subject Products" (products of the type depicted in the Lamb design drawings) offered for sale by IKS since 2001 (Frush Decl. Ex 3, Request 5);
> - IKS's drawings for Subject Products (*Id*. at Request 6); and
> - Records of sales or marketing of Subject Products (*Id.* at Request 11).

Dkt. 35 at 4.

On July 7, 2013, Defendant filed a response in opposition to the motion to compel, arguing that the motion was premature. *See* Dkt. 53.  In its opposition, Defendant never asserts that Plaintiffs are not entitled to the documents that they seek. *Id.*  Indeed, based on the record before it, it appears to the Court that Plaintiffs are entitled to the documents they have requested.  However, Defendant claims, and Plaintiffs do not contradict that the parties are engaged in "rolling document production."  *See* Dkts. 53 at 6 and 60.  Defendants, far from arguing they will not produce the documents at issue, simply claim that the parties are not at an "impasse" and the motion is premature. *Id*. at 6-8.

Since Plaintiffs made this motion to compel, the Court issued a stipulated motion and order extending certain pre-trial deadlines as well as the trial date itself.  Dkt. 67.

The extended pre-trial deadlines include, in part, extension of the deadlines for (1) discovery motions to November 15, 2013 and (2) discovery to December 13, 2013. *Id*. at 4. Given that the Plaintiffs are no longer up against a deadline for filing their discovery motions or the discovery deadline itself (as they were when they filed the present motion), the parties are engaged in rolling document production, and there is no evidence of a true impasse, the Court finds the motion to compel premature.

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to compel (Dkt. 35) is **DENIED without prejudice**, and, by August 26, 2013, the parties are to meet and confer regarding the status of the documents at issue in this motion and to establish a reasonable deadline for production, assuming there remains no dispute as to the disclosure of the documents. If the parties arrive at an impasse regarding whether and when the documents at issue in the instant motion should be produced, Plaintiffs may renew their motion to compel.

Dated this 12th day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge