UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENTERPRISES INTERNATIONAL, INC., et al.,

        Plaintiffs,

  v.

INTERNATIONAL KNIFE & SAW, INC., a South Carolina Corporation, et al.,

        Defendants.

CASE NO. C12-5638 BHS

ORDER DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF NEUTRAL DISCOVERY MASTER

This matter comes before the Court on Plaintiffs Enterprises International, Inc., Legacy Automation, Inc., and Ovalstrapping International's (collectively, "Plaintiffs") motion for appointment of a neutral discovery master (Dkt. 147). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

Plaintiffs' remaining claims in this action relate to Lamb fabrication drawings for knives and pulp blades and involve allegations against Defendants for (1) breach of contract; (2) breach of implied contract in fact: quantum meruit; (3) breach of contract

ORDER - 1

implied in law: unjust enrichment; (4) misappropriation of trade secrets pursuant to RCW 19.108, et seq.; and (5) copyright infringement pursuant to 17 U.S.C. § 106.

During the course of litigation, the parties have brought multiple discovery disputes before the Court. The Court has determined that the dispute now before it, which is really just an extension of the parties' prior dispute, could have been resolved, in whole or at least in part, with more cooperative efforts by the litigants. *See, e.g.,* Dkt. 145 at 5 (February 6, 2014 Transcript of hearing on discovery motions). The February 6, 2014 hearing included argument about and the Court's order on Plaintiff's second motion to compel discovery related to the existence of additional Lamb drawings and related sales records. *See, e.g.*, Dkt. 145. During that hearing, the Court stated that it expected the parties to work "cooperative[ly]," making resolution of the dispute "almost a collaborative process." *Id*. at 5. The Court required the Defendants to complete a search for any remaining Lamb-related drawings and produce the drawings and sales reports. *Id*. at 4-5. Although Defendants argued that they had produced everything the Plaintiffs sought (*see id*. at 14 -17 and 22-23) and the Court acknowledged the difficulty of "proving the negative," it found that the Plaintiffs were allowed to satisfy themselves that production was complete. *See id.* at 23 and 26. However, due in part to the multiplicity of the industrial drawings that Defendants had in their database, the Court recommended that the parties have someone from "Enterprises go through and review" a "sample" of the records with a representative for Defendants "to demonstrate their contention." *Id*. at 17-18. In doing so, the Court stated that its preference was to do what Plaintiffs' counsel suggested and send a representative from Plaintiffs' side to Florence, South Carolina for

this review. *Id*. at 21. The Court ordered the parties to accomplish the task in three weeks. *Id*. at 27. The parties agreed to come up with a sampling agreement to allay Plaintiffs' concerns. *Id*.

On April 10, 2014, Plaintiffs filed the instant motion for appointment of a neutral discovery master, essentially arguing that they have moved to compel documents of Lamb drawings and related sales records twice, and Defendants have failed to completely produce them, acting in contravention of the Court's orders. Dkt. 147.

On April 21, 2014, Defendants responded in opposition to Plaintiffs' motion. Dkt. 154. Defendants effectively argue that Plaintiffs filed this motion without attempting to meet and confer, that they complied with the Court's recommendations in part by running a search and providing information based on 372 part numbers Enterprises selected, and they suggest that rather than appointing a neutral discovery expert, a paralegal could be sent to review records. Dkt. 154. On April 25, 2014, Plaintiffs filed a reply.

### III. DISCUSSION

The Court has broad discretion in handling pretrial discovery, including fashioning whatever order it deems appropriate and necessary to ensure that a party complies with its discovery obligations. The Court may appoint a neutral discovery master to "address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

There has yet to be adequate cooperation between the parties. Defendants have been untimely in their production of discovery, exceeding the three weeks established by the Court on February 6, 2014 for production. While failing to produce some of the information timely may be excusable, e.g. information about two sales of Lamb parts discovered after double-checking for search errors (Dkt. 154 at 6), other belated production was not. As to Plaintiffs, although Defendants have not filed motion to compel production, they have twice observed that Plaintiffs have not proven to be models of timely production of information regarding damages, which Defendants have sought in discovery. *See, e.g.*, Dkts. 154 at 11 and 147 at 6. Although Plaintiffs may not be able to calculate a total amount of damages, due to Defendants' alleged failure to complete their discovery requests, they should calculate damages and revise or supplement disclosed information as discovery moves forward. *See* Fed. Civ. R. 26(e) and Dkt. 147 at 6.

Additionally, while timely production is important, so is the requirement to meet and confer in good faith in order to communicate about issues of untimely or confusing production and resolve them without judicial intervention. This is true whether a dispute occurs in the context of a contemplated motion to compel or in fulfillment of other discovery obligations regarding the resolution of a prior motion to compel. *See, e.g.,* W.D. Local Civil Rule 37(1)(1). Here, both parties' communication could be substantially more effective. Plaintiffs legitimately complain, for example, that the content of Defendants' production of the March 4, 2014 CD was confusing such that they effectively could not decipher its meaning in part because the Defendants failed to submit

an adequate explanation regarding what the contents were and how the contents were responsive to Plaintiffs' discovery request. Instead of phoning Defendants to discuss their delinquent, confusing and allegedly incomplete productions, or better yet, scheduling an in-person meet and confer, Plaintiffs filed the instant motion.

Based on the record, the Court is not convinced that Defendants' failure to timely or perhaps even completely produce documents can be fairly characterized as a willful withholding or a delay designed to thwart the Court's prior order or to prevent discovery of information to which Plaintiffs are entitled. Additionally, Defendants' failure to submit explanations of their productions, while it would have been useful and perhaps even logical, does not create a situation which necessitates appointment of a neutral discovery expert, especially where Plaintiffs should have attempted to meet and confer prior to filing this motion.

The Court is confident that when the parties meet and confer in person, and follow the directives outlined below, they will resolve their current discovery dispute more efficiently and less expensively than they would if a neutral discovery expert were appointed.

No later than May 30, 2014, the parties are directed to meet and confer *in person* to begin resolving the current discovery dispute. Sufficient time should be allotted for the meeting so that the parties can create a plan to fully resolve the issues presented in their pleadings on this motion, including time for the parties to have interactive communication where Defendants more fully explain what Plaintiffs continue to perceive as discrepancies or inconsistencies among the list of items in Exhibit 43 and other

documents and information subsequently produced by Defendants. Consistent with the Court's recommendation during the February 6, 2014 hearing, the plan shall include sending at least one representative from Plaintiffs' side, such as a paralegal or other individual with knowledge of or the capability to understand Defendants' electronic storage and physical filing systems, to work with an appointed representative from Defendants' side to search through Defendants' electronic databases and paper files, where both Lamb drawings and sales records for Lamb parts may *reasonably* be found or otherwise generated.  Defendants should appoint a representative that can fully explain what is on the databases or in the paper files and assist in the search process to help Plaintiffs determine if other Lamb-related drawings and sales records exist. The plan, of course, should include provisions for protecting confidential or otherwise privileged materials as well as other any provisions the parties deem appropriate for a cooperative, thorough and expedient implementation of the plan. Using a sampling method, as the Court suggested in the February 6, 2014 hearing, is still likely appropriate, provided that the parties mutually agree to how the sampling should be done.  The plan shall include a timeline for its implementation.

      No later than June 6, 2014 the parties shall file their joint plan detailing the process they have designed to resolve this matter.  The plan shall be fully implemented by June 27, 2014. The parties shall file a joint statement regarding the results of the plan's implementation by July 3, 2014.

## IV. ORDER

Therefore, it is hereby **ORDERED** that:

1. Plaintiffs' motion to appoint a neutral discovery expert (Dkt. 147) is **DENIED without prejudice**; and

2. The parties shall comply with the directives and timelines as set forth in this order.

Dated this 16th day of May, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge