UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENTERPRISES INTERNATIONAL, INC., et al.,

    Plaintiffs,

v.

INTERNATIONAL KNIFE & SAW, INC., et al.,

    Defendants.

CASE NO. C12-5638 BHS

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs Enterprises International, Inc., and Legacy Automation, Inc.'s ("Plaintiffs") motion for reconsideration (Dkt. 176).

On July 24, 2014, the Court granted in part Defendants International Knife & Saw Inc. (South Carolina), International Knife & Saw, Inc. (Quebec), and International Knife and Saw de Mexico, S.A. DE C.V.'s ("Defendants") motion for summary judgment and concluded, in part, that Plaintiffs' misappropriation of trade secrets claim was barred by the statute of limitations. Dkt. 171 at 13–14. On August 6, 2014, Plaintiffs filed a motion for reconsideration. Dkt. 176. On August 12, 2014, the Court requested a

response. Dkt. 179. On August 25, 2014, Defendants responded. Dkt. 186. On August 29, 2014, Plaintiffs replied. Dkt. 190.

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Plaintiffs argue that the Court committed manifest error by misconstruing the evidence and relying on the wrong case law. Dkt. 176. With regard to the latter, Plaintiffs contend that the Court improperly relied on *Roley v. New World Pictures,* 19 F.3d 479 (9th Cir. 1994), which involves copyright issues. Dkt. 176 at 10–11. The order, however, clearly shows that the Court relied on the appropriate Washington statute and *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 523-24 (9th Cir. 1990), which applied a similar state statute. Dkt. 171 at 13–14. Therefore, Plaintiffs' argument is without merit.

With regard to the evidence, the Court concluded that the evidence showed that Plaintiffs could have discovered the misappropriation through a reasonable and rather minimal investigation. Dkt. 171 at 14. Nothing in Plaintiffs' motion alters that conclusion, and Plaintiffs simply disagree with the Court's conclusion. Disagreement is not a sufficient basis to grant reconsideration. Therefore, the Court denies Plaintiffs' motion as to any manifest error of law.

1     Plaintiffs also argue that newly discovered evidence "highlights the Court's

2 misapprehension" of the John White email. Dkt. 176 at 12. The anonymously delivered

3 documents do not alter the content of Mr. White's email. Therefore, the Court **DENIES**

4 Plaintiffs' motion for reconsideration.

5     Dated this 4th day of September, 2014.

                                                                    BENJAMIN H. SETTLE
                                                                      United States District Judge