THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENTERPRISES INTERNATIONAL, INC.
and LEGACY AUTOMATION INC., a
Washington corporation, OVALSTRAPPING
INTERNATIONAL, a Washington
corporation,

                    Plaintiffs,

      v.

INTERNATIONAL KNIFE & SAW, INC., a
South Carolina corporation,
INTERNATIONAL KNIFE & SAW, INC., a
Quebec corporation, INTERNATIONAL
KNIFE AND SAW DE MÉXICO, S.A. DE
C.V., a Mexican variable capital corporation,

                    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  12-cv-05638-BHS

**IKS-SC DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT RE
PLAINTIFFS' CONTRACT AND
COPYRIGHT CLAIMS**

**NOTE ON MOTION CALENDAR:
NOVEMBER 14, 2014**

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOTION
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS
CASE NO. 12-CV-05638-BHS

702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

# TABLE OF CONTENTS

**Page**

I. MOTION SUMMARY ......................................................................................... 1

II. SUMMARY JUDGMENT FACT RECORD AND PROCEDURAL HISTORY ............. 3

    A.    Contract Claim Docket Record and Additional Incontrovertible Facts. .......... 3

        1.    The Court Docket Record Regarding Plaintiffs' Alleged Express Contract Claims ........................................................................ 3

        2.    IKS/Simonds' Standard Purchase Order Terms and Conditions for Transactions with Plaintiffs Ovalstrapping and Legacy ................. 3

        3.    The Docket Record of Contract Claim Accrual Facts .......................... 4

        4.    Recently Produced Contract Claim Accrual Documents ..................... 6

        5.    Plaintiff Legacy's Contractual Dealings with Former IKS ................. 7

        6.    Plaintiff Ovalstrapping's Express Contractual Dealings with IKS-SC ........................................................................................... 7

    B.    Copyright Claim Docket Record and Additional Incontrovertible Facts. ......... 8

III. SUMMARY OF GROUNDS FOR DISMISSAL OF CONTRACT CLAIMS ................ 8

IV. SUMMARY JUDGMENT DISMISSAL IS MANDATED ........................................ 10

    A.    Plaintiffs' Express and Implied Contract Claims are Stale and Time-Barred. ............................................................................................... 10

        1.    The Time Bars Applicable Enterprises' and Legacy's Express and Implied Contract Claims ........................................................ 11

        2.    The Time Bars Applicable to Ovalstrapping's Express and Implied Contract Claims ......................................................... 12

    B.    Plaintiffs' Successor Liability Contract Claims are Barred by Former IKS and Simonds Standard Purchase Order Terms and Conditions. ............. 12

    C.    Plaintiffs' Quantum Meruit and Unjust Enrichment Claims are Barred By Plaintiffs' Express Contract Claims. ........................................... 13

    D.    Plaintiffs' Quantum Meruit and Unjust Enrichment Claims are Preempted Under Copyright Law. ................................................... 14

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - i
CASE NO. 12-CV-05638-BHS

702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

E.     Plaintiffs' Copyright Claims are Barred by the Law of the Case
       Regarding the Noncopyrightability of Designs for Useful Articles ............... 16

V.  CONCLUSION ................................................................................................. 16

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
 RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - ii
CASE NO. 12-CV-05638-BHS

702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*1000 Virginia Ltd. Partnership v. Vertecs Corp.*,
    158 Wn.2d 566, 146 P.3d 423 (2006) ........................................................... 10

*ATC Distribution Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
    402 F.3d 700 (6th Cir. 2005) ...................................................................... 15

*Bennett v. Computer Task Group, Inc.*,
    112 Wn. App. 102, 47 P.3d 594 (2002) ...................................................... 11

*Berry v. Penguin Group (USA), Inc.*,
    448 F. Supp. 2d 1202 (W.D. Wash. 2006) .................................................. 16

*Blue Nile, Inc. v. Ice.com, Inc.*,
    478 F. Supp.2d 1240 (W.D. Wash. 2007) ................................................... 14

*Bogle & Gates P.L.L.C. v. Zapel*,
    121 Wn. App. 444, 90 P.3d 703 (2004) ...................................................... 11

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004) ...................................................................... 15

*Bybee Farms LLC v. Snake River Sugar Co.*,
    2008 WL 4454054 (E.D. Wash. Sept. 29, 2008) ......................................... 14

*Cahn v. Foster & Marshall, Inc.*,
    33 Wn. App. 838, 658 P.2d 42 (1983) ........................................................ 11

*CD Law, Inc. v. Lawworks, Inc.*,
    1994 WL 840929 (W.D. Wash. 1994) ......................................................... 14

*Chandler v. Wash. Toll Bridge Auth.*,
    17 Wn.2d 591, 137 P.2d 97 (1943) ....................................................... 2, 13

*Del Madera Properties v. Rhodes & Gardner Inc.*,
    820 F.2d 973 (9th Cir. 1987) ..................................................................... 14

*E.B. Construction & Remodeling, Inc. v. Bank of America*,
    2014 WL 1778413 (W.D. Wash. May 5, 2014) ........................................... 13

*Endemol Entertainment B.V. v. Twentieth Television Inc.*,
    48 U.S.P.Q.2d 1524 (C.D. Cal. 1998) ........................................................ 14

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

*Eskay Plastics Ltd. v. Chappell*,
   34 Wn. App. 210, 660 P.2d 764 (1983) ........................................................................ 13

*Ford v. International Harvester Co.*,
   399 F.2d 749 (9th Cir. 1968) ...................................................................................... 10

*Nicholson v. Thrifty Payless, Inc.*,
   2014 WL 618894 (W.D. Wash. Feb. 18, 2014) ........................................................ 14

*Peterson v. Kitsap Cmty. Fed. Credit Union*,
   171 Wn. App. 404, 287 P.3d 27 (2012) ...................................................................... 13

*Worth v. Universal Pictures, Inc.*,
   5 F. Supp. 2d 816 (C.D. Cal. 1997) ............................................................................ 14

**STATUTES**

17 U.S.C. § 411 ............................................................................................................. 16

RCW 4.16.080(3) ....................................................................................................passim

RCW 19.108.010(4) ......................................................................................................... 5

RCW 19.108.900(1) ....................................................................................................... 15

RCW 62A.2-104 ............................................................................................................. 12

RCW 62A.2-207(2) ......................................................................................................... 12

RCW 62A.2-725(1) ........................................................................................................... 2

RCW 62A.2-725(2) .................................................................................................... 10, 12

**OTHER AUTHORITIES**

1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright (2003) .............................. 15

Uniform Commercial Code ..........................................................................................passim

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

# I. MOTION SUMMARY

Three related state law "contract" claims and a federal copyright infringement claims remain pending in this case.  Based on incontrovertible facts, all four claims must be dismissed on this summary judgment motion as a matter of law because:

- All express contract claims are barred by the UCC four year statute of limitations.

- Any non-UCC implied contract claims are barred by RCW 4.16.080(3)'s three year statute of limitations governing contracts "not in writing."

- All implied contract claims are barred by the express contract claims because plaintiffs cannot pursue implied contract claims when express contract claims fail.

- The implied contract claims at issue here are all based on equivalent rights under copyright law and are therefore preempted.

- The Lamb fabrication drawings pertaining to any remaining copyright claim do not constitute copyrightable subject matter.

<u>Contract Claim Dismissal</u>.  Plaintiffs' amended complaint (Dkt. 70) sets forth three contract claims that are alternatively pled as: (1) an express contract claim (the "express contract" claim); (2) an implied-in-fact/quantum meruit contract claim (the "quantum meruit" claim); and (3) an implied-in-law/unjust enrichment claim (the "unjust enrichment" claim).  All three claims are ripe for summary judgment dismissal.

No matter how plaintiffs choose to plead the claims, plaintiffs brought all of the contract claims too late.  The evidentiary holes in those claims are directly attributable to the passage of time, the loss of percipient witness testimony, and plaintiffs' extensive purging of company files recounted at length in earlier motion practice.  *See* Dkt. 115 at 14-15.

Plaintiffs' contract-based claims accrued as matter of law over four (4) years before plaintiffs Enterprises International, Inc. ("Enterprises') and Legacy Automation Inc. ("Legacy") filed their complaint on July 18, 2012 (Dkt. 1); and over five (5) years before plaintiff Ovalstrapping International ("Ovalstrapping" or "Oval") asserted its alleged contract claims for the first time in an amended complaint filed over a year later on July 29, 2013 (Dkt. 70).  As

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 1
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

discussed in previous briefing, the plaintiffs' express contract claims are all subject to dismissal pursuant to the applicable UCC four year statute of limitations, RCW 62A.2-725(1).[1]

Plaintiffs' implied contracts are also barred.  Under Washington law, plaintiffs' quantum meruit and unjust enrichment claims are subject to RCW 4.16.080(3)'s three year statute of limitations period governing "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument."[2]

In any event, plaintiffs' assertion of express (albeit failed) contract remedies forecloses plaintiffs' resort to quantum meruit or unjust enrichment claims as a matter of law.  "A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract."  *Chandler v. Wash. Toll Bridge Auth.,* 17 Wn.2d 591, 604, 137 P.2d 97 (1943).  *See* Part IV(C), *infra.*

If plaintiffs' implied contract claims are not dismissed on limitations grounds, they are individually subject to summary dismissal on copyright preemption grounds.

Copyright Claim Dismissal.  Plaintiffs' copyright infringement claim technically remains pending, but merits little further discussion.  The only "copyrighted" works at issue are previously registered Lamb fabrication drawings of useful articles, *i.e.* industrial knives and blades used in the pulp and paper converting industries.[3]  The Court already ruled that fabrication drawings of this same ilk constitute non-copyrightable subject matter under U.S. copyright law.  The same result obtains for all of the Lamb fabrication drawings at issue here.

---

[1] This motion builds on the IKS-SC defendants' earlier filed motion for partial summary judgment motion for dismissal of contract claims occurring before July 18, 2008 (Dkt. 174).

[2] This summary judgment motion assumes, *arguendo*, that Washington law applies to plaintiffs' state law contract claim allegations.

[3] In early September 2014, the IKS-SC defendants requested that plaintiffs inform them if they were going to continue to press a copyright infringement claim in light of the Court's orders dismissing certain copyright claims associated with specific fabrication drawings.  Enterprises did not respond to IKS-SC's inquiry, requiring defendants to expend additional time and resources with respect to this failed copyright claim theory.  Swanson Decl. ¶ 2 and Ex. A.

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 2
CASE NO. 3:12-cv-05638-BHS
702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

## II.  SUMMARY JUDGMENT FACT RECORD AND PROCEDURAL HISTORY

The docket record in this case already provides the Court and parties with the factual support necessary to evaluate plaintiffs' pending claims in this case.  Moreover, as described below, a recent Enterprises' document production further demonstrates plaintiffs' actual knowledge of IKS competitor activities with respect to Lamb replacement parts and confirms the Court's previous rulings regarding the accrual of plaintiffs' alleged causes of action before plaintiffs filed their complaint in this matter in July 2012.

### A.  <u>Contract Claim Docket Record and Additional Incontrovertible Facts</u>.

1.  <u>The Court Docket Record Regarding Plaintiffs' Alleged Express Contract Claims</u>.  As the Court concluded in its summary judgment order, the express contracts at issue include "LGH [Lambs-Grays Harbor]'s contracts, purchase orders and form non-disclosure agreements."  Dkt. No. 171 at 16:17-20.  Plaintiffs[4] claim the ability to enforce LGH contracts entered into before Lamb shut down its operations in June 2001.  Dkt. 171 at 15:8-13.

The Court also ruled: "the contract claims in this suit against Defendants largely depend upon whether Defendants have successor liability for contracts the prior IKS entity enter[ed] into with Enterprises's wholly-owned subsidiaries, the now-defunct LGH, Legacy and Ovalstrapping."  Dkt. 171 at 18:21-19:2.  The order later describes LGH purchase order terms sent to IKS.  *Id.* at 30:2-19 (citing Dkt. 27-4 at 4 at 2, 6, 8 and 27-4 at 12, 13 and 19).  Additionally, the order describes a Legacy purchase order dated June 18, 2003.  *Id.* at 31:16-32:11 (citing Dkt. 27-5 at 14, 17 and 18).   The order separately describes Ovalstrapping purchase orders sent to Simonds.  *Id.* at 33:18-34:13 (citing Dkt. 32 at 8-9, Dkt. 116-3 at 23-24, Dkt. 27-5 at 23).

2.  <u>IKS/Simonds' Standard Purchase Order Terms and Conditions for Transactions with Plaintiffs Ovalstrapping and Legacy</u>.  When plaintiffs Ovalstrapping (and formerly LGH) variously dealt with the former IKS and Simonds International entities, the IKS and Simonds

---

[4] The contracting status of each of the three plaintiff parties varies with respect to IKS-SC and former entities.  IKS-SC therefore generally refers individual plaintiff names in this summary judgment motion in order to maintain and preserve those contracting party distinctions.

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 3
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1   invoices included standard language which stated: "All sales are subject to our standard terms

2   and conditions."  Schmidt Decl. Ex. A (cover pages of Dep. Exs. 97 and 98).  The same IKS

3   form was used in connection with its dealings with plaintiff Legacy.  *Id.*  Ex. B (IKS/Legacy

4   invoice).

5        In light of the Court's ruling allowing plaintiffs to pursue successor liability claims,

6   IKS-SC searched for (through the Wayback Machine) and produced copies of IKS standard

7   terms and conditions for a time period from 2001 through 2006.  Schmidt Decl. Ex. C.  IKS's

8   standard terms and conditions preclude any recovery of any damages, including any

9   consequential damages or lost profits recovery.  *Id.* § 2(d) ("In no event shall seller or its

10  suppliers be liable to a customer or any third party in contract, tort (including negligence),

11  warranty or otherwise for any direct, indirect, incidental, consequential or special damages").

12  Such standard terms and conditions also apply to IKS-SC transactions after the company

13  acquired the assets of Simonds International in July 2006.  *See* Schmidt Decl. Ex. D (examples

14  of IKS-SC standard terms and conditions from 2010 and 2013).

15       3.  <u>The Docket Record of Contract Claim Accrual Facts</u>.  Accrual of any contract-

16  based cause of action in this case is closely tied to the accrual of Enterprises' trade secret cause

17  of action.  This section recounts the undisputed or incontrovertible facts that supported

18  dismissal of Enterprises' trade secret claim on limitations grounds.

19       The Court granted partial summary judgment dismissal of the trade secret

20  misappropriation claim on the grounds that the three-year statute of limitations expired in 2006.

21  Dkt. 171 at 14:11-13.  The factual predicate for triggering the limitations period was the

22  February 2003 internal Ovalstrapping email that put plaintiffs on notice that the prior IKS was

23  misusing their drawings and was directly soliciting customers of Lamb equipment.  *Id.* at 14:1-

24  10.  The Court relied upon the same evidence in granting partial summary judgment dismissal

25  of the copyright claim on the grounds of a similar three-year statute of limitations.  *Id.* at 9:11-

26  11:10.

27

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 4
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1    IKS-SC's summary judgment motion relied upon a February 2003 email that

2 Enterprises/Oval sent internally summarizing its knowledge that employees of the prior IKS

3 were soliciting former customers of Lamb Grays Harbor (LGH) to supply replacement knives.

4 Dkt. 123 at 13:9-26.  The motion framed the issues as whether "incontrovertible facts show

5 that: … (b) plaintiffs' claim accrued by early 2003 and is time-barred by operation of law; (c)

6 plaintiffs did not engage in reasonable procedures to maintain their secrecy …"  Dkt. 123 at

7 20:2-8.  IKS-SC argued that LGH's confidentiality agreements expired within five years and

8 had no assignment provision, LGH failed to preserve a copy of the putative agreement with the

9 prior IKS, and Enterprises failed to act and preserve its rights when Simonds acquired the

10 assets of the prior IKS and later when Legacy saw IKS boxes at the plants where LGH

11 equipment was located.  Dkt. 123 at 23:4-16.

12    Enterprises previously argued that the evidence supported a nondisclosure agreement

13 "in many purchase order contracts between LGH, Oval, and Legacy on the one hand and IKS

14 and its predecessors on the other."  Dkt. 129 at 6-7 (quoting the heading of the section).

15 Additionally, Enterprises asserted that the prior IKS and the bankrupt LGH had negotiations

16 over a nondisclosure agreement that "caused IKS to refuse to sell directly to end users of Lamb

17 machinery."  Dkt. 129 at 4:15-5:6.  Enterprises pointed to nondisclosure agreements that it

18 entered into with other companies and claims it must have lost its agreement with IKS.  *Id.*

19 Enterprises relied upon the terms of the nondisclosure contracts and purchase orders as

20 establishing the secrecy requirements for a trade secret under RCW 19.108.010(4).  Dkt. 129 at

21 16:17-19:16; *id.* at 21:5-24:5.

22    Oval's witness could not recall any response by Oval or any information suggesting the

23 prior IKS stopped the solicitations.  Dkt. 137 at 8:21-9:8 (citing Dkt. 116-4 at 27-29).  Other

24 Oval representatives had the sense that IKS intended to sell to customer end-users and would

25 not sign a nondisclosure agreement.  *Id.* (citing Dkt. 116-4 at 35-37); see also Dkt. 116-4 at

26

27

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 5
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

38:5-10.[5]  By the next year (2004), Oval contracted to purchase knives exclusively from Kanefusa.  *See* Oval/Kanefusa exclusive supplier's agreement) (Dkt. 187 at 7-8).

4.  <u>Recently Produced Contract Claim Accrual Documents</u>.  Further confirming plaintiffs' knowledge of former IKS's and Simonds competitive activities with respect to supplying pulp/paper companies with Lamb replacement parts, Enterprises just produced a "notice" document entitled a "Mill Call Report."  Like the 2003 internal memo, it establishes plaintiffs' collective knowledge that they knew—as of June 23, 2005—that IKS/Simonds was acting as a competitor and supplying replacement blades and knives for Lamb machinery.[6]  *See* Schmidt Decl. Ex. E (filed under seal).  Other Legacy field reports also disclose knowledge that replacement parts for Lamb machinery were not being purchased from Enterprises' exclusive licensees, Legacy or Oval.  *Id.* Ex. G ("Preliminary Report dated 4/19/07; filed under seal).

Significantly, the June 2005 "Mill Call Report" identifies another Lamb replacement part competitor, RCL Packaging, who fabricated and supplied Lamb replacement parts allegedly using Lamb proprietary drawings.  Enterprises sued this company and its representatives in 2005 for trade secret misappropriation claims.  The complaint filed in that Canadian case discloses even earlier knowledge of alleged trade secret misappropriation of alleged Lamb proprietary drawings by plaintiffs' Lamb replacement part competitors.  *See* Schmidt Decl. Ex. H (counsel cover letter and Enterprises' complaint that identifies RCL Packaging and avers that "in the beginning of June 2004, [Enterprises] was made aware" that defendants were contacting Enterprises' customers to promote the sale of Lamb replacement parts; complaint, ¶¶ 35-44) and Ex. I (Canadian defendants' answer to complaint).

---

[5] IKS-SC relied upon the same and additional evidence in opposition to Enterprises' earlier motion for partial summary judgment. Dkt. 115 at 16:7-20; *id.* at 15:25-6.

[6] This production took place after repeated discovery letters and conferences with Enterprises' counsel regarding perceived deficiencies in plaintiffs' document production.  It was produced on October 2, 2014, apparently from the files of Gerrard-Ovalstrapping.  Swanson Decl. ¶ 3.  An organizational chart shows that Gerrard Ovalstrapping is 100% owned by plaintiff Enterprises.  Schmidt Decl. Ex. F (Dep. Ex. 163).

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 6
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

5.      Plaintiff Legacy's Contractual Dealings with Former IKS.  Legacy had no direct contractual dealings with IKS-SC, but did have some dealings with the former IKS in April and June 2003 for a slitter knife replacement part that bears the current IKS-SC Part No. 64899.[7] Schmidt Decl. Ex. K (invoice record).  IKS-SC's sale of this same replacement part occurred on July 23, 2007 to two pulp/paper companies and continued thereafter.  Schmidt Decl. Ex. L (IKS-SC internal transaction record related to Part No. 64899; filed under seal).

6.      Plaintiff Ovalstrapping's Express Contractual Dealings with IKS-SC.   Only Ovalstrapping had any direct contractual dealings with IKS-SC.  A non-disclosure agreement was entered into between these parties on July 31, 2007.  Schmidt Decl. Ex. M.  Ovalstrapping then purchased two sets of IKS-SC Part No. 65201 in December 2007.  The IKS-SC order December 2007 acknowledgement is already in the docket record (Dkt. 33-1 at 64-65).  The IKS-SC sales to Ovalstrapping bear invoice dates of 12/18/07 and 1/8/08 for a total purchase price of $2120.  Schmidt Decl. Ex. N (IKS-SC Profit Margin Detail By Item Report for IKS-SC Part No. 65201, filed under seal).  There is no discovery record of Ovalstrapping having submitted a Lamb fabrication drawing to IKS-SC in connection with this December 2007 transaction.  In this regard, the acknowledgement form itself identifies the already existing IKS-SC Part No. 65201.[8]

Other invoice records show that this same slitter blade replacement part (65201) was being sold by IKS-SC repeatedly to another pulp/paper company (JD Irving) from May 2007 through June 2008 and thereafter.  Schmidt Decl. Ex. P (transaction records) and Ex. Q (Profit Margin Detail By Item Report for Part No. 65201, filed under seal, showing sales to JD Irving on 9/12/07 and 1/10/08).  In other words, IKS-SC Part No. 65201 was being sold to other customers both before and after IKS-SC entered into a confidentiality agreement with

---

[7] Due to differing database software and part numbering conventions over time, IKS-SC eliminated the initial "0" and replaced it with the numeral "6" for this IKS-SC slitter blade part. Schmidt Decl. Ex. J (IKS-SC/J. Ranson deposition testimony).

[8] A copy of an IKS-SC fabrication drawing that existed in 2007 for Part No. 65201 shows that it was prepared by a former IKS employee on January 12, 2000.  Schmidt Decl., Ex. O.

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 7
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  Ovalstrapping and both before and after IKS-SC sold this same replacement part to

2  Ovalstrapping.

3  **B.    Copyright Claim Docket Record and Additional Incontrovertible Facts.**

4  In April 2014, the Court denied Enterprises' motion for partial summary judgment with

5  respect to plaintiffs' copyright infringement claim, ruling that the Lamb fabrication drawings at

6  issue constitute designs of a useful article which are excluded from copyright protection under

7  United States law (Dkt. 146).

8  In January 2014, IKS-SC defendants moved for summary judgment dismissal of

9  Enterprises' copyright infringement claim.  As part of the evidentiary support for that motion,

10 IKS-SC provided the Court with <u>all</u> of the Lamb fabrication drawings for which Enterprises

11 had obtained copyright registrations.  These Lamb fabrication drawings submissions to the U.S.

12 Copyright Office were attached as Exs. G, H and I to the Declaration of Barbara Schmidt (Dkt.

13 126, with Ex. G filed under seal).  They form the universe of registered works at issue in this

14 case.  *See also* IKS's S.J. Mot. Fact Statement, § 12 (Dkt. 123 at 17, filed 1/29/14).

15 In July 2014, the Court granted IKS-SC's summary judgment motion with respect to

16 three specific Lamb drawings based on the reasoning set forth in its earlier ruling (Dkt. 171 at

17 8-9).  The Court left open the possibility that the claim could be further pursued by Enterprises

18 because "some drawings still may not have been produced."  *Id.*   While further Lamb

19 fabrication drawings have been produced during the course of discovery, Enterprises has not

20 sought, procured or produced any further U.S. copyright registrations for any Lamb fabrication

21 drawings. Schmidt Decl. ¶ 20 and Ex. R (relevant portion of IKS-SC document requests

22 seeking production of copyright registrations).

23 **III.  SUMMARY OF GROUNDS FOR DISMISSAL OF CONTRACT CLAIMS**

24 The following chart summarizes the grounds for summary dismissal of plaintiffs'

25 respective express contract, quantum meruit, and unjust enrichment claims on a plaintiff-by-

26 plaintiff basis.

27

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 8
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

| Claim | Enterprises | Ovalstrapping | Legacy |
|---|---|---|---|
| **Express Contract (Claim One)** | 1. Enterprises entered into <u>no</u> direct, express contract with IKS-SC. (RFA No. 16; Dkt. 33-1, at 11).<br><br>2. Enterprises purchased LGH "choses in action" when LGH shut down in June 2001. This successor liability claim is barred by the UCC four year limitations period statute of limitations or RCW 4.16.080(3)'s three year limitations period.<br><br>3. Enterprises' successor liability claim is barred by IKS/Simonds standard terms and conditions. | 1. Oval and IKS-SC entered into a non-disclosure agreement on 7/31/07. This claim is barred by the UCC four year limitations period statute of limitations or RCW 4.16.080(3)'s three year limitations period.<br><br>2. Oval and IKS-SC entered into purchase order transactions in December 2007 and January 2008. This claim is barred by the UCC four year limitations period statute of limitations or RCW 4.16.080(3)'s three year limitations period.<br><br>3. Oval's successor liability claim is barred by IKS/Simonds standard terms and conditions. | 1. Legacy entered into <u>no</u> direct, express contract with IKS-SC (RFA No. 18; Dkt. 33-1).<br><br>2. Legacy entered into a 2003 purchase order with the former IKS entity. This successor liability claim is barred by the UCC four year limitations period statute of limitations or RCW 4.16.080(3)'s three year limitations period.<br><br>3. Legacy's successor liability claim is barred by IKS/Simonds standard terms and conditions. |
| **Implied-in-Fact/Quantum Meruit Contract (Claim Two)** | 1. Enterprises' quantum meruit claim is barred by RCW 4.16.080(3)'s three year limitations period.<br><br>2. Enterprises' quantum meruit claim is barred by Enterprise's express contract claim.<br><br>3. Enterprises' quantum meruit claim is barred by copyright preemption. | 1. Oval's quantum meruit claim is barred by RCW 4.16.080(3)'s three year limitations period.<br><br>2. Oval's quantum meruit claim is barred by Oval's express contract claim.<br><br>3. Oval's quantum meruit claim is barred by copyright preemption. | 1 Legacy's quantum meruit claim is barred by RCW 4.16.080(3)'s three year limitations period.<br><br>2. Legacy's quantum meruit claim is barred by Legacy's express contract claim.<br><br>3. Legacy's quantum meruit claim is barred by copyright preemption. |

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 9
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

| Claim | Enterprises | Ovalstrapping | Legacy |
|---|---|---|---|
| **Implied-in-Law/ Unjust Enrichment (Claim Three)** | 1. Enterprises' unjust enrichment claim is barred by RCW 4.16.080(3)'s three year limitations period.<br><br>2. Enterprises' unjust enrichment is barred by Enterprise's express contract claim.<br><br>3. Enterprises' unjust enrichment claim is barred by copyright preemption. | 1. Oval's unjust enrichment claim is barred by RCW 4.16.080(3)'s three year limitations period.<br><br>2. Oval's unjust enrichment claim is barred by Oval's express contract claim.<br><br>3. Oval's unjust enrichment claim is barred by copyright preemption. | 1. Legacy's unjust enrichment claim is barred by RCW 4.16.080(3)'s three year limitations period.<br><br>2. Legacy's unjust enrichment claim is barred by Legacy's express contract claim.<br><br>3. Legacy's unjust enrichment claim is barred by copyright preemption. |

### IV.  SUMMARY JUDGMENT DISMISSAL IS MANDATED

**A.**   **Plaintiffs' Express and Implied Contract Claims are Stale and Time-Barred.**

Under Washington common law, a breach of contract claim accrues upon breach and not upon discovery, unless the Washington court has recognized a specific exception.  *1000 Virginia Ltd. Partnership v. Vertecs Corp.*, 158 Wn.2d 566, 146 P.3d 423, 429-32 (2006); *Ford v. International Harvester Co.*, 399 F.2d 749, 751 (9th Cir. 1968) ("[A]bsent fraud or a fiduciary relationship, an action for breach of contract [under Washington law] accrues at the date of breach and is not postponed until the date of discovery by the aggrieved party or by the fact that all or a substantial amount of the damages did not occur until a later date.")

Likewise, under the Uniform Commercial Code governing product sales, the four year statute of limitations accrues upon breach, regardless of a party's lack of knowledge of that breach.  RCW 62A.2-725(2).  *See generally* IKS-SC's Mot. for Partial Summ. J. of Contract Violations Occurring Before July 18, 2008, Dkt. 174.  The Court has already ruled that Article 2 of the UCC applies to non-disclosure agreements associated with the sale of goods.  Dkt. 174 at 6:4-20 (citing decisions).  Application of the UCC limitations period mandates dismissal of all express contract claims alleged in this case.

Plaintiffs' implied contract claims are also time-barred under Washington law.  They are subject to RCW 4.16.080(3)'s three year statute of limitations period.  That provision applies to "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument."  This provision is also potentially applicable to plaintiffs' express contract claims—if they are not governed by RCW 62A.2-725(2).  As construed by Washington courts,

> The burden of proving a contract, whether express or implied, is on the party asserting it, and he must prove each essential fact, including the existence of a mutual intention.  *Johnson v. Nasi,* 50 Wn.2d 87, 91, 309 P.2d 380 (1957).  A written agreement for purposes of the 6-year statute of limitations must contain all of the essential elements of the contract, and if resort to parol evidence is necessary to establish any material element, then the contract if partly oral and the 3-year statute of limitations applies.  [Citing cases.]

*Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840-41, 658 P.2d 42 (1983) (summary judgment dismissal of contract claim affirmed on appeal); *Bogle & Gates P.L.L.C. v. Zapel*, 121 Wn. App. 444, 451, 90 P.3d 703 (2004) ("Thus, the letter and Standard Terms of Representation did not satisfy the writing requirement . . . .  We conclude that the three-year limitations period in RCW 4.16.080(3) applied to bar the law firm's contract claim."; summary judgment dismissal of contract claim affirmed on appeal); *Bennett v. Computer Task Group, Inc.*, 112 Wn. App. 102, 47 P.3d 594 (2002) (plaintiff's claim for overtime wages governed by three year statute of limitations; summary judgment dismissal of claim affirmed).[9]

1.    The Time Bars Applicable Enterprises' and Legacy's Express and Implied Contract Claims.  Pursuant to Washington law, Legacy's successor liability contract claim accrued by July 23, 2007—at the latest—and the limitation period thus expired on July 23, 2011 for express or implied contract claims governed by the UCC; or by July 23, 2010 (or earlier) with respect to any implied contract claim governed by RCW 4.16.080(3).[10]  Because

---

[9] As discussed in more detail in Part IV(B), *infra*, plaintiffs will have to resort to parol evidence in order to prove the material terms and conditions for any express or implied contract claim asserted in this case.

[10] This limitations time computation applies with equal force to any alleged contract claim that Enterprises is seeking to enforce on behalf of LGH, since Ovalstrapping and Legacy took over that business from that bankrupt company.

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 11
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  Enterprises' and Legacy's express and implied contract claims were not filed until July 18,

2  2012, they are all time barred.

3        2.      The Time Bars Applicable to Ovalstrapping's Express and Implied Contract

4  Claims.  Under Washington law, Oval's successor liability and express and implied contract

5  claims accrued by September 12, 2007 with respect to the Oval/IKS-SC nondisclosure

6  agreement executed on July 31, 2007.  Therefore, the limitation periods expired on September

7  12, 2011 for any alleged nondisclosure agreement violation by IKS-SC, because this express

8  contract claim is governed by the UCC provision, RCW 62A.2-725(2).

9        If the later IKS-SC sale to JD Irving on 1/10/08 is used for contract accrual purposes

10  (since it follows the sale of the same replacement part to Oval), then the limitations period

11  expired on January 10, 2012, for express contracts covered by the UCC.   Because

12  Ovalstrapping's claims were not asserted until the plaintiffs filed their amended complaint on

13  July 29, 2013 (Dkt. 70), they are time-barred.[11]

14  **B.     Plaintiffs' Successor Liability Contract Claims are Barred by Former IKS and
         Simonds Standard Purchase Order Terms and Conditions.**

15

16        Although plaintiffs variously assert rights to pursue contract claims on a successor

17  liability theory, they disregard the fact that every purchase order entered into by either the

18  former IKS entity or Simonds International was subject to former IKS/Simonds standard terms

19  and conditions.  These standard terms and conditions foreclose any lost profits damages claim

20  in this case.[12]  *See* Part II(A) (2), *supra*.  IKS-SC's present standard terms and conditions

21  preclude any claim for lost profits damages.  *Id.*

22        Under RCW 62A.2-207(2)—the UCC's "battle of the forms" provision—former

23  IKS/Simonds standard contractual exclusion of any lost profits recovery applies here:

24

---

25  [11]  Even if the 7/18/12 filing date of plaintiffs' original complaint is used with respect to
26  plaintiff Ovalstrapping's claims, the same time bar result applies here.

27  [12]  Plaintiffs' alleged damages report is based solely on a lost profits recovery theory.  Swanson
     Decl. ¶ 4.

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 12
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

(2) The additional terms are to be construed as proposals for addition to the contract. *Between merchants such terms become part of the contract* unless: (a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

RCW 62A.2-207(2) (emphasis added); *see also* RCW 62A.2-104 (defining "merchant" as "a person who deals in goods of the kind"); *Eskay Plastics Ltd. v. Chappell*, 34 Wn. App. 210, 214, 660 P.2d 764 (1983) (holding that the additional terms at issue became incorporated into the contract controlling the parties' relationship).  Here, plaintiffs have submitted no evidence that precludes the incorporation of IKS's limitations on damage remedies in every purchase/sale contract entered into between plaintiffs and IKS-SC or its alleged predecessors. If plaintiffs seek to rebut a UCC "battle of the forms" through the use of parol evidence, and deny UCC's applicability to the goods transaction at issue, plaintiffs will only further reinforce the applicability of RCW 4.16.080(3)'s three year limitations bar in this matter.

## C.   Plaintiffs' Quantum Meruit and Unjust Enrichment Claims are Barred By Plaintiffs' Express Contract Claims.

Plaintiffs' quantum meruit and unjust enrichment causes are styled as contract claims in plaintiffs' amended complaint.  While express and implied contract claims may be pled alternately under the Federal Rules of Civil Procedure in a complaint, that pleading procedure does not mean that such claims are consistent with one another.  By pursuing express contract claims here, plaintiffs foreclosed their ability to pursue implied contract claims under either quantum meruit or unjust enrichment claim theories.  When a party is bound by the provisions of a valid, express contract, it "may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract."  *Chandler v. Wash. Toll Bridge Auth.,* 17 Wn.2d 591, 604, 137 P.2d 97 (1943); *Peterson v. Kitsap Cmty. Fed. Credit Union*, 171 Wn. App. 404, 430, 287 P.3d 27, 39 (2012) (summary judgment dismissal of unjust enrichment claim affirmed on appeal); *E.B. Construction & Remodeling, Inc. v. Bank of America*, 2014 WL 1778413 (W.D. Wash. May 5, 2014) (plaintiff "cannot bring an unjust enrichment claim when a valid, express contract . . . exists."; unjust enrichment claim

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 13
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

dismissed with prejudice); *Nicholson v. Thrifty Payless, Inc.*, 2014 WL 618894 (W.D. Wash. Feb. 18, 2014) (plaintiffs "do not challenge the validity of [the lease] contracts, but simply argue that a quasi-contractual theory should be available to them if the contracts do not provide recovery.  Neither Washington nor California law support such a proposition."). *Bybee Farms LLC v. Snake River Sugar Co.,* 2008 WL 4454054 (E.D. Wash. Sept. 29, 2008) (summary judgment dismissal of unjust enrichment claim).  In other words, plaintiffs cannot advance both express and implied claims.  By advancing express contract claims, they are foreclosed from pursuing the implied contract claims as a matter of law.

**D.** **Plaintiffs' Quantum Meruit and Unjust Enrichment Claims are Preempted Under Copyright Law.**

In prior summary judgment briefing, IKS-SC demonstrated that plaintiffs' quantum meruit and unjust enrichment claims are preempted under copyright law.  *See* IKS-SC's S.J. Mot., at 24 (Dkt. 123 at 32).  IKS-SC cited Washington and other Ninth Circuit court cases in which implied contract and unjust enrichment claims were held to be preempted.  *Del Madera Properties v. Rhodes & Gardner Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (conversion and unjust enrichment claims preempted; overruled on other grounds by *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994)); *CD Law, Inc. v. Lawworks, Inc.,* 1994 WL 840929 (W.D. Wash. 1994) (plaintiff's conversion, consumer protection act, unfair competition and unjust enrichment claims all preempted); *Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp.2d 1240, 1250 (W.D. Wash. 2007) (plaintiffs' consumer protection act, unfair competition and unjust enrichment  and restitution claims all preempted); *Worth v. Universal Pictures, Inc.,* 5 F. Supp. 2d 816, 822 (C.D. Cal. 1997) (claims of breach of implied contract, or breach of an implied-in-fact contract, intentional interference with prospective economic advantage, and conversion were preempted by Copyright Act); *Endemol Entertainment B.V. v. Twentieth Television Inc.*, 48 U.S.P.Q.2d 1524 (C.D. Cal. 1998) (plaintiff's "breach of implied contract claim falls squarely into the category of contract claims that allege no additional rights other than promising not to benefit from the copyrighted work.").

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 14
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

The Court agreed with IKS-SC's preemption analysis with respect to plaintiffs' quantum meruit claim. Dkt. 171 at 37-38. Because copyright preemption applies equally to unjust enrichment claims—as demonstrated in the foregoing cases—the unjust enrichment claim is also preempted. In this case, there is no colorable, meaningful distinction in plaintiffs' two implied contract claims.[13] Both are incorporated by reference in the copyright claim in plaintiffs' amended complaint, and both require dismissal under basic principles of copyright law. 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B][1][g] (2003) ("[A] state law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter.").

Plaintiffs cannot avoid the preemptive effect even if they do not plead a copyright claim. Copyright preemption can and does arise in cases where plaintiffs have alleged no copyright cause of action. *See*, *e.g., Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304 (2d Cir. 2004) ("Plaintiffs have not expressly pleaded copyright violations anywhere in their complaint. They have alleged a number of state law claims, however, that could potentially be preempted by the Copyright Act. In particular, the district court held that plaintiffs' unjust enrichment claim against [defendant] is preempted, although it did not reach the question of whether this preemption created federal jurisdiction."). *ATC Distribution Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700 (6th Cir. 2005) explains:

> The fact that none of these works are eligible for copyright protection under federal law does not preclude the preemption of ATC's state law claims. "As long as a work fits within one of the general subject matter categories of sections 102 and 103, the bill prevents the States from protecting it even if it fails to achieve Federal statutory copyright because it is too minimal or lacking in originality to qualify, or because it has fallen into the public domain."

---

[13] Plaintiffs incorporated their quantum meruit allegations into their unjust enrichment claim complaint allegations. They further incorporated those implied contract allegations into their since dismissed trade secret claim (Dkt. 70 at 9-10). To the extent that plaintiffs base their unjust enrichment claim on "tort" rather than contract theory of recovery, the "tort" aspects of the unjust enrichment claim were and are subject to trade secret preemption pursuant to RCW 19.108.900(1) ("This chapter displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret . . . .").

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 15
CASE NO. 3:12-cv-05638-BHS
702176.0004/6187800.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Id.* at 713 (summary judgment dismissal of unjust enrichment and other claims affirmed on appeal; citing *NBA v. Motorola, Inc.,* 105 F.3d 841, 849 (2d Cir. 1997)).   Plaintiffs cannot benefit from claims that should be preempted under state law because they failed to advance a viable copyright infringement claim.

**E.     Plaintiffs' Copyright Claims are Barred by the Law of the Case Regarding the Noncopyrightability of Designs for Useful Articles.**

The universe of Lamb fabrication drawings at issue for copyright claim purposes is limited in this case.   It pertains to those for which Enterprises actually sought copyright protection.   *See* Part II(B), *supra,* and supporting Schmidt Decl. (Dkt. 126, and Exs. G, H and I attached thereto). Without a copyright registration, the claim for copyright infringement cannot proceed in federal court.   *See* 17 U.S.C. § 411 ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Berry v. Penguin Group (USA), Inc.*, 448 F. Supp. 2d 1202 (W.D. Wash. 2006) (court lacked subject matter jurisdiction because the plaintiff did not have a copyright registration in the subject work).

Here, the Court has already ruled that three Lamb fabrication drawings for useful articles are not protectable under copyright law.   Although it is unclear whether plaintiffs will pursue any further copyright claim allegations in this case, they can only do so with respect to technical drawings that have been registered with the U.S. Copyright Office.   Since each of the fabrication drawings is identical in form and substance to the Lamb drawing that have already been ruled to not state a copyright claim, the same result should be entered for each of the drawings for which Enterprises sought copyright registration in conjunction with the filing of their amended complaint.   As the Court has already ruled, each is a design of a useful article that falls outside of the scope of copyright protection.

## V.  CONCLUSION

For the reasons presented, the IKS-SC defendants request summary judgment dismissal of plaintiffs' remaining breach of contract claims (claims one, two and three) and their

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 16
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  copyright infringement claim (claim eight).   A proposed dismissal order is respectfully

2  submitted for the Court's review and entry.

3          DATED this 16th day of October, 2014.

4                                              LANE POWELL PC

5
                                               s/Paul D. Swanson
6                                              Paul D. Swanson, WSBA No. 13656
                                               David C. Spellman, WSBA No. 15884
7                                              Tiffany Scott Connors, WSBA No. No. 41740
                                               Attorneys for the IKS-SC Defendants
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 17
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

## CERTIFICATE OF SERVICE

2      Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury and the

3 laws of the state of Washington, that on the 16th day of October, 2014, the document attached

4 hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.

5 In accordance with their ECF registration agreement and the Court's rules, the Clerk of the

6 Court will send e-mail notification of such filing to the following persons:

7

8      C. James Frush                    ☑  by **CM/ECF**
       Jack Lovejoy                      ☐  by **Electronic Mail**
9      Cable Langenbach Kinerk & Bauer   ☐  by **Facsimile Transmission**
       1000 2nd Avenue, Ste 3500         ☐  by **First Class Mail**
10     Seattle, WA  98104                ☐  by **Hand Delivery**
       (206)292-8800                     ☐  by **Overnight Delivery**
11     Email:  jfrush@cablelang.com
       Email:  llovejoy@cablelang.com

12

13     Dated this 16th day of October, 2014 at Seattle, Washington.

14

15                         /s/Cheryl Seelhoff
                           Cheryl Seelhoff
16

17

18

19

20

21

22

23

24

25

26

27

IKS-SC DEFENDANTS' SUMMARY JUDGMENT MOT.
RE PLAINTIFFS' CONTRACT AND COPYRIGHT CLAIMS - 18
CASE NO. 3:12-CV-05638-BHS
702176.0004/6187800.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107